IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANA THERESA CHOWNS | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. _____ |
| TRANSUNION, LLC; | § § | Complaint |
| And | § § | And |
| EXPERIAN INFORMATION SOLUTIONS, INC; | § § § | Demand for Jury Trial |
| Defendants | § § § | |

## **COMPLAINT**

NOW comes the Plaintiff, JANA THERESA CHOWNS, (hereafter the "Plaintiff"), by Counsel, Jonathan Raburn, and for her complaint against the Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter Experian), and the Defendant, TRANSUNION, LLC (hereafter TransUnion), alleges as follows:

## **PRELMINARY STATEMENT**

1.   This an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act.

## **JURISDICTION**

2.   Jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

**VENUE**

3.   Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the property that is subject to this action is located, in this Judicial District.

**PARTIES**

4.   Plaintiff is a natural person and is resident and citizen of Ouachita Parish, the State of Louisiana, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.   Defendant, Experian is a Foreign For-Profit Corporation registered to do business in Louisiana. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Defendant is currently doing business in Louisiana and may be served through its registered agent, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

6.   Defendant, TransUnion is a Foreign For-Profit Corporation registered to do business in Louisiana. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Defendant is currently doing business in Louisiana and may be served through its registered agent, The Prentice-Hall Corporation System, Inc, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

## FACTUAL ALLEGATIONS

7.   Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8.   Plaintiff opened a credit card account with Newport News in or around October 2005. The account was being serviced by World Financial Network National Bank (WFNNB) at that time. The last payment made on the account was December 2006.

9.   Plaintiff filed for Chapter 13 Bankruptcy on February 08, 2007. The bankruptcy was completed with a standard discharge on May 11, 2012.

10. The Newport News account was included in Plaintiff's Chapter 13 Bankruptcy. During the bankruptcy, Roundup Funding LLC (a collection agency) filed for Transfer of Claim, which was granted, and the Newport News account was transferred from WFNNB to Roundup.

11. WFNNB was rebranded under the name of Comenity Bank in about September 2012. By that date, Plaintiff's Newport News account was already closed and discharged through Chapter 13 Bankruptcy but the credit reporting of the tradeline now falls under the rebranded name of Comenity Bank/Newport News on Plaintiff's consumer credit report. Plaintiff's account went delinquent and was placed into collection on or about December 2006, which was prior to the Chapter 13 Bankruptcy filed by the Plaintiff in February 2007 and prior to the date the collection agency, Roundup Funding LLC, filed for Transfer of Claim with the Bankruptcy Court.

12. TransUnion is reporting by publishing credit information for Comenity Bank account number ********6438**** that is old and obsolete on the Plaintiff's credit report, that is more than the statutory period allows.  The credit report furnished by TransUnion reflects an open date of "10/19/2005" and a Last Payment Date of

"12/06/2006" with a balance of $0, a Pay Status of "Account included in Bankruptcy" and Date Updated of "01/01/2016". TransUnion is allowing this information to be reported beyond the statutory period of seven years, even though the old and obsolete date is on the face of the credit report. TransUnion should know that old dates in certain data fields should trigger deletion based on statutory limitations. *Please see Exhibit 1.*

13. TransUnion did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

14. TransUnion has not maintained reasonable procedures to avoid violating 15 U.S.C. § 1681c.

15. TransUnion is currently reporting information furnished by Comenity Bank for account number ********6438****.

16. Furthermore, TransUnion has also failed to implement or follow reasonable procedures to prevent any debt from being reported beyond the statutory period.

17. Experian is reporting by publishing credit information for Comenity Bank account number ********6438**** that is old and obsolete on the Plaintiff's credit report, that is more than the statutory period allows. The credit report reflects an open date of "10/2005" and a report date of "01/2016" with a recent balance of $0 as of "01/2016". Additionally, Defendant Experian is reporting of series of late payments beginning in December 2013, well after the date of Plaintiff's Chapter 13 discharge, which continues through the date of January 2016. Experian is allowing this information to be reported beyond the statutory period of seven years, even though Experian should know that old dates in certain data fields should trigger deletion based on statutory limitations. *Please see Exhibit 2.*

18.     This account is not only inaccurate but is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895-96 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions"). This information of a recent past due payment history was furnished by Comenity Bank and is reported by Experian.

19.     Besides reporting beyond the statutory period, Experian is misrepresenting the payment history for the Comenity Bank for account number ********6438**** by reporting no less than 24 months of late payments with the most recent derogatory reporting in January 2016.  The credit reporting bureaus know and understand the devastating impact of a recent late payment being published on a consumer's credit report. *Please see* Experian's website available at, http://www.experian.com/blogs/ask-experian/2013/12/04/recent-late-payments-hurt-credit-scores-the-most/, (There are many factors within your credit history that affect your credit scores. The single most important indicator of credit risk is a missed payment, so it will have the greatest and longest lasting impact. The more recent the missed payment occurred, the greater that impact will be, and the more missed payments you have, the longer it will take to recover). To reiterate, Experian explains in plain language on their website that the more recent the missed payment occurred, the greater that impact will be, and the more missed payments you have, the longer it will take to recover. Knowing this, Experian continues to report the Comenity Bank account number ********6438**** on Plaintiff's credit report, not only past the statutory period but also with a false and misleading payment history, resulting in lowering Plaintiff's credit scores and furthering Plaintiff's damages.

20. Experian did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

21. Experian has not maintained reasonable procedures to avoid violating 15 U.S.C. § 1681c.

22. Experian is currently reporting information furnished by Comenity Bank for account number ********6438****.

23. Furthermore, Experian has also failed to implement or follow reasonable procedures to prevent any debt from being reported beyond the statutory period.

24. Because of the negligent and/or willful actions of TransUnion and Experian, Plaintiff's credit score has been negatively affected.

25. Because of this, the plaintiff has suffered damages and future damages that have yet to be determined.

26. The old and obsolete information negatively reflects upon the Plaintiff, the Plaintiff's credit repayment history, the Plaintiff's financial responsibility as a debtor and the Plaintiff's credit worthiness.  The old and obsolete information was reported by TransUnion misrepresenting the payment history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

27. The old and obsolete information negatively reflects upon the Plaintiff, the Plaintiff's credit repayment history, the Plaintiff's financial responsibility as a debtor and the Plaintiff's credit worthiness.  The old and obsolete information was reported by Experian misrepresenting the payment history and/or status of Plaintiff's account, and is

currently being reported and is reflected on Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

28. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information reported by both TransUnion and Experian is continuing to damage the Plaintiff's credit rating.

29. As a result of Defendants TransUnion and Experian's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

30. As a result of Defendants TransUnion and Experian's conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

31. At all times pertinent hereto, Defendants TransUnion and Experian were each acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

32. At all times pertinent hereto, the conduct of the Defendants TransUnion, and Experian, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. This suit is based upon the Defendant's violation of the Fair Credit Reporting Act (FCRA). All causes of action were the producing causes of damages that Plaintiff suffered.

35. Plaintiff suffered damages from the Defendant's violation of the Fair Credit Reporting Act (FCRA).

### Count I: Fair Credit Reporting Act

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. This lawsuit is brought against Defendants Experian and TransUnion because the damages on which it is based were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees:

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

(a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

(a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

38. TransUnion is currently violating 15 U.S.C. § 1681c(a)(4), by reporting old and obsolete information on the Plaintiff's credit report that is more than the statutory period allows. The open date and date of last payment on Plaintiff's credit report is October 2005 and December 2006, respectfully. TransUnion reports the account as Included in Chapter 13 Bankruptcy. Plaintiff's Chapter 13 Bankruptcy was filed in February 2007. TransUnion is allowing this information to be reported beyond the statutory period of seven years. The first date of delinquency is obviously older than the date that is statutorily allowed to be reported. The section entitled "Requirements relating to information contained in consumer reports" under 15 U.S.C. § 1681c(a)(4) reads:

15 U.S.C. § 1681c(a)(4) entitled "Requirement Relating to Information contained in consumer reports" reads:

(a) Information excluded from consumer reports: Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:

(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

39. In addition to violating 1681c(a)(4), TransUnion currently violating 15 U.S.C. § 1681e(b), by failing to "*follow* reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." TransUnion is statutorily bound to ensure that what is reported by them is in fact accurate.

40. Information provided to TransUnion by Comenity Bank clearly shows that the debt is past the statutory period of reporting, the open date of October 2005 and the last payment date of December 2006 and then included in Plaintiff's discharged Chapter 13 Bankruptcy filed in February 2007. TransUnion has, therefore, allowed inaccurate, old and obsolete information to be reported. If TransUnion had followed any reasonable procedures, they would have promptly removed it when the dates passed seven years on the face of the credit report; but they did not remove it. Therefore, TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) entitled "Compliance Procedures" reads:

(b) Accuracy of report

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

41. Additionally, TransUnion is currently violating 15 U.S.C. § 1681e(a), by failing to "*maintain* reasonable procedures designed to avoid violation of section 1681(c)." If TransUnion had simply glanced at the tradeline for Comenity Bank or had procedures in place for their systems to identify old dates, they would have discovered the debt exceeds the seven years pursuant to 1681(c)(a)(4). Despite this glaring flaw in this account, TransUnion has failed to remove it. This failure to remove is evidence that TransUnion

has failed to institute and maintain any reasonable procedures designed to avoid violations associated with 1681(c). If TransUnion had maintained any reasonable procedures, the account would have already been removed.

15 U.S.C. § 1681e(a) entitled "Compliance Procedures" reads:

> (a) Identity and purposes of credit users
>
> Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c.

42. Experian is currently violating 15 U.S.C. § 1681c(a)(4), by reporting old and obsolete information on the Plaintiff's credit report that is more than the statutory period allows. The open date on Plaintiff's credit report is October 2005. It is a fact that the Comenity Bank account number ********6438**** was included in Plaintiff's Chapter 13 Bankruptcy filed in February 2007, although Experian does not report this data in a visible way on Plaintiff's credit report the way TransUnion does. The collection agency Roundup Funding LLC filed for Transfer of Claim for the account with the Bankruptcy Court and it was granted. Experian is allowing this information to be reported beyond the statutory period of seven years. The first date of delinquency was established immediately prior to the Plaintiff having filed for Bankruptcy in February 2007, Comenity Bank account number ********6438**** had a last payment date of December 2006. This date is obviously older than the date that is statutorily allowed to be reported. The section entitled  "Requirements relating to information contained in consumer reports" under 15 U.S.C. § 1681c(a)(4) reads:

> > (a) Information excluded from consumer reports: Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:
> >
> > > (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

43. In addition to violating 1681c(a)(4), Experian is currently violating 15 U.S.C. § 1681e(b), by failing to "*follow* reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Experian is statutorily bound to ensure that what is reported by them is in fact accurate.

44. Information provided to Experian by Comenity Bank clearly shows that the debt is past the statutory period of reporting, the open date of October 2005 and the last payment date of December 2006 and then included in Plaintiff's discharged Chapter 13 Bankruptcy filed in February 2007. Experian has, therefore, allowed inaccurate, old and obsolete information to be reported.  If Experian had followed any reasonable procedures, they would have promptly removed it when the dates passed seven years; but they did not remove it. Therefore, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) entitled "Compliance Procedures" reads:

> (b) Accuracy of report
>
>> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

45. Additionally, Experian is currently violating 15 U.S.C. § 1681e(a), by failing to "*maintain* reasonable procedures designed to avoid violation of section 1681(c)." If Experian had simply glanced at the tradeline for Comenity Bank or had procedures in place for their systems to identify old dates, they would have discovered the debt exceeds the seven years pursuant to 1681(c)(a)(4). Despite this glaring flaw in this account,

Experian has failed to remove it. This failure to remove is evidence that Experian has

failed to institute and maintain any reasonable procedures designed to avoid violations

associated with 1681(c). If Experian had maintained any reasonable procedures, the

account would have already been removed.

15 U.S.C. § 1681e(a) entitled "Compliance Procedures" reads:

(a) Identity and purposes of credit users

Every consumer reporting agency shall maintain reasonable
procedures designed to avoid violations of section 1681c.

46. Plaintiff has attached copies of her Transunion and Experian Credit Reports as

Exhibit 1 and Exhibit 2.

## **DEMAND FOR JURY TRIAL**

47. Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the

Defendants TransUnion and Experian based on the following requested relief:

a.  Actual damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Dated: May 17, 2016

Respectfully submitted,

/s/Jonathan Raburn
Jonathan F. Raburn
ATTORNEY FOR PLAINTIFF
LA BAR NO. 28728
301 N. Main St. Suite 2200
Baton Rouge, LA 70825
Telephone: 225-412-2777
Fax (318) 230-7036
jonathan@geauxlaw.com